## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MELVIN CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORMER COLUMBUS COUNTY | ) | |
| SHERIFF STEADMAN JODY GREENE, | ) | |
| in his individual and official capacities, | ) | Civil Action No. 7:23-cv-10 |
| COLUMBUS COUNTY SHERIFF | ) | |
| WILLIAM ROGERS, in his official | ) | |
| capacity, and WESTERN SURETY | ) | |
| COMPANY, in its capacity as Surety on | ) | |
| the Official Bond of the Sheriff of | ) | |
| Columbus County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

1.      Plaintiff Melvin Campbell brings this action against Defendants—former Columbus County Sheriff Steadman Jody Greene, in his individual and official capacities; Columbus County Sheriff William Rogers, in his official capacity; and Western Surety Company, in its capacity as surety on the official bond of the Sheriff of Columbus County—for unlawful discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 1983 ("Section 1983").

## THE PARTIES

2.      Plaintiff Melvin Campbell is a Black man and resident of Columbus County, North Carolina.  Plaintiff was a sergeant employed by the Columbus County Sheriff's Office from in or around December 2016 until his termination on or around January 28, 2019.

3.      Defendant former Sheriff Steadman Jody Greene was sworn into office as the Sheriff of Columbus County in or around December 2018 and remained in office during the events at issue.  Upon information and belief, Defendant Greene is a citizen and resident of Columbus County.  He is being sued in his individual and official capacities.

4.      Defendant Sheriff William Rogers was sworn in as Sheriff of Columbus County on or around January 5, 2023.  Upon information and belief, Defendant Rogers is a citizen and resident of Columbus County.  He is being sued in his official capacity.

5.      Defendant Western Surety Company is the surety on the official bond of Defendant Greene as Sheriff of Columbus County pursuant to N.C. Gen. Stat. § 162-8 and § 58-76-5.  Upon information and belief, Western Surety Company is owned by Continental Casualty Corporation, which is owned by Continental Corporation, which is a wholly owned subsidiary of CNA Financial Corporation.  Upon information and belief, Defendant Western Surety Company is authorized to conduct business in North Carolina.  Plaintiff institutes this action individually and, with respect to the claims on the official bond of Defendant Greene, also on behalf of the State of North Carolina pursuant to N.C. Gen. Stat. § 58-76-5, *et seq.*

6.      Upon information and belief, Defendant Greene was insured during his time as Sheriff by liability insurance purchased pursuant to N.C. Gen. Stat. § 153A-435 or other applicable state law with respect to all acts and omissions complained of herein, or participated in a government risk pool pursuant to N.C. Gen. Stat. § 58-23-5, or maintained a funded reserve, and to such extent, Defendant Greene has waived any official, sovereign, qualified, or governmental immunity to which he might otherwise be entitled in his official capacities.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§ 1331 and 28 U.S.C. § 1343(a)(3)-(4).

8.      Venue is proper in this district under 28 U.S.C. § 1391 because the causes of

action arose in Columbus County, North Carolina.

## FACTS

9.      The foregoing allegations are incorporated by reference.

10.      Plaintiff Campbell is a 56-year-old Black man.  He  lives in Whiteville, North

Carolina.  Campbell has devoted his career to protecting and serving North Carolina residents.

He served as a master trooper with the North Carolina State Highway Patrol for nearly 30 years.

Campbell was awarded the Order of the Long Leaf Pine in recognition of his service for the State

Highway Patrol.

11.      In or around December 2016, Campbell was sworn in as a deputy sheriff under

Columbus County's first Black sheriff, Lewis Hatcher.  Campbell's performance as a deputy

sheriff under Sheriff Hatcher was always exemplary.

12.      In 2018, Defendant Greene was elected as Columbus County sheriff.  His election

was immediately contested amid disputes over his residency status, among other issues.

Nonetheless, Greene was sworn into office on or around December 3, 2018.

13.      Following Greene's installment as sheriff, Campbell was re-sworn as a deputy

sheriff under Sheriff Greene in or about December 2018.  Campbell's performance as a deputy

sheriff under Sheriff Greene was always exemplary.

14.      After taking office, Greene demoted Black employees on his command staff.  In

or around January 2019, Greene demoted Clementine Brown—a 20-year employee of the

Columbus County Sheriff's Office and the only Black woman on the command staff—from her position as captain of the Columbus County Detention Center. Greene terminated Brown's employment in 2020.

15. During his tenure as Sheriff, Greene also demoted Jeremy Barber—the only Black man on the command staff—from his position as a lieutenant in the investigations division to a deputy in the civil division.

16. In early 2019, Greene was temporarily suspended from office pending the resolution of election challenges concerning his residency status. Jason Soles, then-captain of the investigations division, assumed the duties of sheriff but was never sworn into the office.

17. In early 2019, Greene called Soles by phone. Greene told Soles he believed that there was a "leak" at the Columbus County Sheriff's Office and that Hatcher, Campbell, and other Black employees in the Sheriff's Office sought to undermine his authority.

18. During his phone conversation with Soles, Greene made highly offensive and racist remarks regarding Campbell and other Black employees at the Sheriff's Office. Greene also discussed firing Campbell and other Black employees because of their race. Soles recorded a portion of the call. Greene's recorded statements from the call included the following:

    (a)    "I'm sick of it. I'm sick of these Black bastards. I'm gonna clean house and be done with it. And we'll start from there."

    (b)    "Tomorrow's gonna be a new fucking day. I'm still the motherfucking sheriff, and I'll go up and fire every goddamn [inaudible]. Fuck them Black bastards. They think I'm scared? They're stupid. I just don't know what else to do with it. So it's just time to clean them out."

(c)     "Melvin Campbell, Lewis Hatcher they're fired.  They're gonna be guilty by fucking association."

(d)     "I ain't gonna have it.  I'm gonna cut the snake's fucking head off.  Period . . . And Melvin Campbell is as big a snake as Lewis Hatcher ever dared to be.  Every Black that I know, you need to fire him to start with, he's a snake!"

19.     On January 28, 2019, Campbell was called into Chief Deputy Aaron Herring's office.  Herring told Campbell that Greene had instructed him to terminate Campbell's employment and tell Campbell that his "services were no longer needed."

20.     Campbell had never received any discipline or warnings regarding his performance during his time working under Greene.  When Campbell asked Herring why he was being discharged, Herring repeated that his services were no longer required.

21.     Greene terminated Campbell because he is Black.

22.     In or around 2022, the State Bureau of Investigations ("SBI") opened an investigation into the Columbus County Sheriff's Office.  The SBI gave the Columbus County District Attorney's office a recording of the phone conversation between Soles and Greene.  The recording was also obtained and released by news outlets in or around September 2022.

23.     In or around 2022, the North Carolina Governor's Highway Safety Program suspended all grant funding to the Columbus County Sheriff's Office and sent a notice to the Sheriff's Office indicating that the recording suggested it "may not be in compliance with Title VI of the Civil Rights Act of 1964[.]"

24.     On October 4, 2022, the Columbus County District Attorney's Office filed a petition for removal of Sheriff Greene with the Columbus County Superior Court pursuant to N.C. Gen. Stat § 128-16 *et seq* and Article VI, § 8 of the N.C. Constitution.  The Court

5

immediately suspended Greene from office and set a hearing on the removal petition for October 24, 2022.

25.    The State filed an amended removal petition on October 21, 2022.  The petition alleged that Greene "personally, and through the direction of those under his command, engaged in racial profiling of Columbus County Sheriff's Office employees."  It also alleged, *inter alia*, that Greene engaged in intimidation and abuse of authority, failed to ensure a safe environment at the Columbus County Detention Center for inmates and staff, and engaged in a sexual relationship with a subordinate.

26.    On October 24, 2022, Greene appeared before the Superior Court and resigned from his position as Sheriff.  Greene proceeded with his campaign for reelection as Columbus County sheriff.

27.    Columbus County commissioners appointed Defendant William Rogers as Sheriff following Greene's resignation.  In or around December 2022, Rogers promoted Jerome McMillan, a Black man, to the position of chief deputy.

28.    Greene was reelected as Sheriff of Columbus County in November 2022.  He was sworn into office on December 29, 2022.  Shortly after assuming office, Greene demoted McMillan from his position as chief deputy.

29.    On December 29, 2022, the State filed a second petition for Greene's removal with the Columbus County Superior Court.  In the second removal petition, the State alleged that Greene "personally, and through the direction of those under his command, engaged in racial profiling of Columbus County Sheriff's Office employees."  The petition also alleged, *inter alia*, that Greene engaged in intimidation and abuse of authority, failed to ensure a safe environment

at the Columbus County Detention Center for inmates and staff, and engaged in a sexual relationship with a subordinate.

30.    On January 4, 2023, Greene again appeared before the Superior Court for a hearing on the State's second petition for his removal.  Greene again resigned from office at the outset of the hearing.

31.    Rogers was again appointed as Sheriff of Columbus County and sworn into office on or around January 5, 2023.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §§ 1981 and 1983)

32.    The allegations in the preceding paragraphs are incorporated by reference.

33.    Defendant Greene terminated Plaintiff Campbell from employment with the Columbus County Sheriff's Office because of his race.

34.    There was no legitimate nondiscriminatory reason to terminate Plaintiff Campbell's employment in or around January 2019.

35.    Defendant Greene's termination of Campbell's employment because of his race violates 42 U.S.C. § 1981.  Defendants are therefore liable to Plaintiff under 42 U.S.C. §§ 1981 and 1983.

36.    As a proximate result of Defendants' conduct, Campbell has suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation, and other damages.

37.    Defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for Plaintiff's rights.  As a result of Defendant's conduct, Campbell is entitled to recover punitive damages.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

(1)     That the Court declare Defendants' practices complained of herein are unlawful under 42 U.S.C. §§ 1981 and 1983;

(2)     That the Court enter a judgment against Defendants and order Defendants to pay Plaintiff damages including lost wages, lost benefits, compensatory damages, liquidated damages, punitive damages, and prejudgment interest;

(3)     That the Court award Plaintiff all reasonable costs and attorneys' fees incurred in connection with this action;

(4)     That the Court grant the Plaintiff a trial by jury; and

(5)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 20th day of January, 2023.

/s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
nghosh@pathlaw.com
Trisha S. Pande, NC Bar No. 53573
tpande@pathlaw.com
Patterson Harkavy LLP
100 Europa Dr., Ste. 420
Chapel Hill, NC 27517
(919)-942-5200

*Counsel for Plaintiff*