IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-cv-00010-BO

| | | |
|---|---|---|
| MELVIN CAMPBELL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | **ANSWER OF DEFENDANTS** |
| | ) | **SHERIFF WILLIAM ROGERS,** |
| FORMER COLUMBUS COUNTY, | ) | **WESTERN SURETY COMPANY,** |
| SHERIFF STEADMAN JODY | ) | **AND FORMER SHERIFF** |
| GREENE in his individual and | ) | **STEADMAN JODY GREENE IN** |
| official capacities, COLUMBUS | ) | **HIS OFFICIAL CAPACITY ONLY** |
| COUNTY SHERIFF WILLIAM | ) | |
| ROGERS, in his official capacity, and | ) | |
| WESTERN SURETY COMPANY, | ) | |
| in its capacity as Surety on the | ) | |
| official bond of the Sheriff of | ) | |
| Columbus County, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

NOW COME defendants Sheriff William Rogers and Western Surety Company, and former sheriff Steadman Jody Greene *in his official capacity only*, by and through counsel, and, responding to the plaintiff's Complaint, answer and allege as follows:

**COMPLAINT**

1.    It is admitted that the plaintiff has brought suit for the claims alleged and against the defendants named in the Complaint, but it is denied that the former sheriff is a proper defendant in his official capacity on the claims alleged. To the extent that a response from the answering defendants is required, any remaining allegations of paragraph 1 are denied.

## PARTIES

2. The allegations of paragraph 2 are admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The allegations of paragraph 6 are denied, except it is admitted that a liability insurance policy was purchased for the Sheriff pursuant to a state statute authorizing the same. It is specifically denied that the defendants have waived any official, sovereign, qualified, or governmental immunity, to the extent that any such immunity applies to the answering defendants herein.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

## FACTS

9. The answering defendants incorporate by reference herein their above responses.

10. Admitted upon information and belief.

11. Admitted upon information and belief.

12. Admitted.

13. It is admitted that, after Greene's installment as sheriff, the plaintiff was re-sworn as a deputy sheriff in or around December 2018 and served acceptably thereafter. The answering defendants are without knowledge or information

sufficient to form a belief as to the remainder of the allegations of paragraph 13 and therefore said allegations must be denied.

14. Admitted.

15. The allegations of paragraph 15 are admitted, and it is further admitted that Jeremy Barber was also previously demoted under Greene's predecessor as sheriff, Lewis Hatcher, who is black.

16. Admitted.

17. Admitted.

18. The allegations of paragraph 18, including sub-parts (a) through (d), are admitted, except it is denied that defendant Greene said he would fire black employees because of their race.

19. Admitted upon information and belief.

20. Admitted upon information and belief.

21. Because only defendant Greene knows why he fired the plaintiff, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore the same must be denied.

22. Admitted.

23. The allegations of paragraph 23 are admitted. It is further admitted that, on February 10, 2023, the director of the North Carolina Governor's Highway Safety Program informed Sheriff William Rogers that it was re-instating funding to the Columbus County Sheriff's Office.

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §§ 1981 and 1983)

32.    The answering defendants' responses above are incorporated herein by reference.

33.    Because only defendant Greene knows why he fired the plaintiff, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore the same must be denied.

34.    Because only defendant Greene knows why he fired the plaintiff, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore the same must be denied.

35.    Because only defendant Greene knows why he fired the plaintiff, the answering defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 35 and therefore the same must be denied.

36.     The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore the same must be denied.

37.     The allegations of paragraph 37, as they relate to the answering defendants, are denied.  It is specifically denied that the plaintiff is permitted by law to recover punitive damages from the defendants in their official capacities or from Western Surety Company.

## PRAYER FOR RELIEF

It is admitted that the plaintiff seeks the relief stated in the Complaint.  To the extent that a response is required from the answering defendants, it is denied that the plaintiff is entitled to the relief sought.

## DEMAND FOR JURY TRIAL

The answering defendants also request a trial by jury on all triable issues.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's claims as alleged against the answering defendants fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Affirmative Defense

Some or all of the plaintiff's claims are barred by the statute of limitations.

### Third Affirmative Defense

The answering defendants plead all any applicable immunities to which they may be entitled, including governmental, qualified, or public official immunity.

### Fourth Affirmative Defense

As a matter of law, the plaintiff may not recover punitive damages from the defendants in their official capacities or from the sheriff's surety.

### Fifth Affirmative Defense

Because a suit against a public official in his official capacity is a suit against the entity for which that official serves, defendant Greene, in his official capacity, is not a proper party to the claims alleged and should be dismissed pursuant to Rule 25 of the Federal Rules of Civil Procedure.

WHEREFORE, having answered the allegations in the plaintiff's Complaint, the answering defendants request that the plaintiff have and recover nothing from them; that the Complaint against them be dismissed with prejudice, or, if necessary, for a trial by jury on all issues that require trial; that the answering defendants recover their costs, including reasonable attorney's fees; and, further, for other such relief as this Court deems just, equitable, and proper.

Respectfully submitted this 8th day of March, 2023.

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
N.C. State Bar No. 25523
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Email: Chris.Geis@wbd-us.com

*Attorney for Defendants Sheriff William Rogers, Western Surety Company, and former sheriff Steadman Jody Greene in his official capacity only*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for *Defendants Sheriff William Rogers, Western Surety Company, and former Sheriff Jody Greene in his official capacity only* in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on March 8, 2023, I electronically filed the foregoing **ANSWER OF DEFENDANTS SHERIFF WILLIAM ROGERS, WESTERN SURETY COMPANY, AND FORMER SHERIFF STEADMAN JODY GREENE IN HIS OFFICIAL CAPACITY ONLY** with the Clerk of Court using the CM/ECF system and a copy was sent via electronic mail through the CM/ECF system to the following individuals.

ADDRESS:

Narendra K. Ghosh
Trisha S. Pande
Patterson Harkavy LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
nghosh@pathlaw.com
tpande@pathlaw.com
*Attorneys for Plaintiff*

Frederick H. Bailey
Sumrell Sugg, P.A.
416 Pollock Street,    Post Office Drawer 889
New Bern, NC 28563
fbailey@nclawyers.com
*Attorney for Steadman Jody Greene in his individual capacity*

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone:  (336) 721-3543
Facsimile:   (336) 721-3660
Email:  Chris.Geis@wbd-us.com
*Attorney for Defendants Sheriff William Rogers, Western Surety Company, and former sheriff Steadman Jody Greene in his official capacity only*